JUDGE ROBINSON

'08 CIV 7378

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: PIERRE G. ARMAND
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2804
E-mail: pierre.armand@usdoj.gov



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA           :
                                   :
                    Plaintiff,     :     No. 08 Civ. _____ ( ___ )
                                   :
      v.                           :     **COMPLAINT**
                                   :
CITY OF NEWBURGH, CITY OF          :
POUGHKEEPSIE, CONNELL LIMITED      :
PARTNERSHIP, INTERNATIONAL         :
BUSINESS MACHINES CORP., NORTHROP  :
GRUMMAN SHIP SYSTEMS, INC.,        :
                                   :
                    Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, by authority of the Attorney General of the United States, acting at the request of the Administrator of the Environmental Protection Agency ("EPA"), for its complaint alleges on information and belief as follows:

### NATURE OF THE ACTION

1.      This is a civil action brought by the United States pursuant to Sections 104, 107 and 113 of the Comprehensive Environmental Response, Compensation, and

Liability Act of 1980, 42 U.S.C. §§ 9604, 9607 and 9613, as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499, 100 Stat. 1613 ("CERCLA").

2. In this action, the United States seeks:

a. to recover costs that it has incurred and paid under Section 104 of CERCLA, 42 U.S.C. § 9604, for response actions taken at the Consolidated Iron and Metal Co. Superfund Site ("Site") in the City of Newburgh, New York as a result of releases and threatened releases of hazardous substances into the environment at or from the Site due to hazardous substance-containing wastes sent by or transported by defendants the City of Newburgh ("Newburgh"), the City of Poughkeepsie ("Poughkeepsie"), Connell Limited Partnership ("Connell"), International Business Machines Corporation ("IBM"), and Northrop Grumman Ship Systems, Inc. ("Northrop") (collectivelty, "Defendants");

b. a judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), declaring that Defendants are liable for any further response costs that the United States may incur and pay in connection with the Site.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action and over the parties pursuant to 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b), because the claims arose in this district and the release or threatened release of hazardous substances occurred in this district.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant Newburgh is a municipality in the State of New York.

7. Defendant Poughkeepsie is a municipality in the State of New York.

8. Defendant Connell is a limited partnership with its principal place of business in Boston, Massachusetts.

9. Defendant IBM is a New York corporation with its corporate headquarters and principal place of business in Armonk, New York.

10. Defendant Northrop is a Delaware corporation with its corporate headquarters and principal place of business in Pascagoula, Mississippi.

## THE CERCLA STATUTORY SCHEME

11. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

12. Under Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

13. For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority.

14. Under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a):

> (1) [T]he owner and operator of a vessel or facility;

> (3) [A]ny person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances [a "generator" of hazardous substances]; [and]

> (4) [A]ny person who accepts or accepted any hazardous substance for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs . . .

> shall be liable for . . .

(A) all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan.

### THE SITE

15. The Site is located on the site of a former junkyard and scrap metal processing facility which was operated by Consolidated Iron and Metal Co., Inc. ("Consolidated") from the mid 1950s until 1999.

16. Consolidated accepted many forms of scrap metal materials, including cars, various types of appliances referred to collectively as "white goods", and electronics equipment, which it processed for resale. The methods of processing the scrap metal materials included burning, shearing, baling, smelting, and flattening. In the course of processing the scrap metal materials, hazardous substances were released, including, inter alia, metals, such as lead; polychlorinated biphenyls ("PCBs"); and volatile organic compounds ("VOCs").

17. These activities resulted in the contamination of the Site. The Site's soils are heavily contaminated with hazardous substances, primarily lead, PCBs, and VOCs. The Site's groundwater is contaminated with hazardous substances, such as VOCs and metals.

18. EPA has conducted various response actions at the Site, including the following: (a) the removal of the smelter and processed soil piles contaminated with hazardous substances; (b) the removal of tires and drums containing hazardous

substances; (c) installation of a Site security fence and Site clearing; (d) the performance of a remedial investigation at the Site; and (e) various enforcement actions.

19. The City of Newburgh, which became the Site owner in 2004, arranged for the transport of white goods and unprocessed cars to the Site, which contained hazardous substances, including lead, PCBs, and VOCs.

20. The City of Poughkeepsie arranged for the transport of unprocessed cars to the Site, which contained hazardous substances, including lead, PCBs and VOCs.

21. IBM arranged for the transport of various types of waste electronics equipment and other scrap metal materials to the Site, which contained hazardous substances, including lead and PCBs.

22. IBM's wastes were transported to the Site by, among other companies, Luria Brothers and Company ("Luria"), which selected the Site. Connell and Northrop are successors in interest to Luria.

23. EPA listed the Site on the National Priorities List ("NPL") on June 14, 2001. The NPL was established pursuant to Section 105(a) of CERCLA, 42 U.S.C. § 9605(a), and is found at 40 C.F.R. Part 300, Appendix B. The NPL is a list of those sites at which there are releases of hazardous substances, and which EPA has ranked as having the highest priority for remediation or other response action among all nationally identified releases, based on relative risk or danger to public health, welfare or the environment.

24. On October 4, 2006, EPA selected the clean up remedy for the contamination at the Site in a Record of Decision ("ROD"). The remedy includes the following: (a) excavation of lead-contaminated soil exceeding the residential cleanup standard of 400 parts per million to a depth of 6 feet across the 7-acre Site and off-Site disposal; (b) excavation to the water table and off-Site disposal of soils which exceed cleanup criteria for PCBs and VOCs; (c) backfill of all excavated areas with clean fill; (d) institutional controls to prevent soil excavation and use of the groundwater at the Site; and (e) a Site management plan for soils handling and vapor intrusion monitoring to be triggered if a Site owner plans to excavate below 6 feet.

25. EPA has incurred costs in conducting various response actions at the Site and will incur additional costs in conducting the remedy selected in the ROD.

### CLAIM FOR RELIEF

26. Newburgh, Poughkeepsie, Connell, IBM, and Northrop are persons within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

27. The Site is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

28. There have been releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases of hazardous substances at or from the Site.

29. The United States has incurred costs of response, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), to respond to the releases or threatened releases of hazardous substances at the Site.

30. The United States' response actions regarding the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

31. Newburgh is liable to the United States pursuant to Sections 107(a)(1) and (a)(3) of CERCLA, 42 U.S.C. §§ 9607 (a)(1) and (a)(3), as the owner of the facility and as a person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at a facility owned or operated by another party or entity and containing such hazardous substances.

32. Poughkeepsie and IBM are liable to the United States pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), as persons who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at a facility owned or operated by another party or entity and containing such hazardous substances.

33. Connell and Northrop are liable to the United States pursuant to Section 107(a)(4) of CERCLA, 42 U.S.C. § 9607(a)(4), as persons who accepted any hazardous substance for transport to disposal or treatment facilities, incineration vessels or sites selected by such person.

34. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Newburgh, Poughkeepsie, Connell, IBM and Northrop are jointly and severally liable to the United States for response costs incurred and to be incurred in connection with the Site.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

1. Enter judgment in favor of the United States, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding Newburgh, Poughkeepsie, Connell, IBM, and Northrop jointly and severally liable for all unreimbursed costs incurred by the United States with respect to the Site, plus interest accrued thereon;

2. Enter judgment in favor of the United States, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613 (g)(2), declaring that Newburgh, Poughkeepsie, Connell, IBM, and Northrop are jointly and severally liable for all future response costs to be incurred by the United States with respect to the Site;

3. Award the United States its costs of this action; and

4. Grant the United States such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 20, 2008

                            MICHAEL J. GARCIA
                            United States Attorney for the
                            Southern District of New York

By:     *[signature]*
                            PIERRE G. ARMAND
                            Assistant United States Attorney
                            86 Chambers Street
                            New York, New York 10007
                            Tel. No.: (212) 637-2724
                            Fax No.: (212) 637-2730